IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| STEPHEN MARK MCDANIEL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:22-CV-198 (MTT) |
| ) | |
| WARDEN ANNETTIA TOBY, ) | |
| ) | |
| Respondent. ) | |

## ORDER

United States Magistrate Judge Stephen Hyles recommends granting Respondent Warden Annettia Toby's motion to dismiss (Doc. 9) Petitioner Stephen Mark McDaniel's 28 U.S.C. § 2254 habeas petition on timeliness grounds. Doc. 19. McDaniel objected, so pursuant to 28 U.S.C. § 636(b)(1), the Court reviews de novo the portions of the Recommendation to which McDaniel objects, and the remaining portions for clear error. For the reasons that follow, McDaniel is not entitled to equitable tolling and his habeas petition is untimely. Therefore, the Respondent's motion to dismiss (Doc. 9) is **GRANTED** and McDaniel's habeas action (Docs. 1; 7) is **DISMISSED**.

McDaniel objects to the Magistrate Judge's determination that equitable tolling does not apply, and thus, his petition is untimely.[1] Docs. 22 at 8; 25 at 1. To challenge a conviction under § 2254, the Antiterrorism and Effective Death Penalty Act of 1996

---

[1] McDaniel also objects to the Magistrate Judge's decision not to address the merits of his ineffective assistance of counsel claim. Doc. 22 at 1-2. Because McDaniel's petition is untimely there is no need to address the merits of his claim.

("AEDPA") provides that habeas petitions must be filed within one year of four possible triggering dates. 28 U.S.C. § 2244(d). McDaniel argues that his petition is timely under § 2244(d)(1)(D), which states that the limitation period begins running on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Doc. 22 at 2. McDaniel asserts he became aware of the factual predicate for his habeas petition on July 11, 2017. Doc. 1 at 13. McDaniel filed his state habeas petition on February 20, 2018—224 days after he discovered the factual predicate for his claim. Doc. 10-3. The limitations period under the AEDPA remained tolled while McDaniel's habeas petition was "pending" in state court. 28 U.S.C. § 2244(d)(2). Once state habeas proceedings ended, McDaniel had 141 days to file his federal habeas petition. *Id*.

The Magistrate Judge correctly found that McDaniel's state habeas petition no longer remained "pending" once the Georgia Supreme Court issued its remittitur on January 7, 2021. Docs. 18-1; 19 at 7 (citing *Dolphy v. Warden*, 823 F.3d 1342, 1345 (11th Cir. 2016)). McDaniel then had until May 28, 2021 to file his federal habeas petition; thus, McDaniel's petition, which was filed on May 31, 2022—over a year late— was untimely. Doc. 1 at 15. But McDaniel argues that because he did not receive actual notice of the remittitur from the Georgia Supreme Court, he "had no awareness of the facts, necessitating remedial action be taken." Doc. 22 at 4. Thus, McDaniel argues, "[e]quitable tolling should apply from the time of the Remittitur, due to the Court's failure to notify Petitioner."[2] *Id*. at 5.

---

[2] The parties overlooked this dispositive issue, but the Magistrate Judge discussed it thoroughly and McDaniel has now had an opportunity to address whether equitable tolling should apply from the time the remittitur was issued until he filed his federal habeas petition. Docs. 22; 25; 27. The Respondent remains absent.

Equitable tolling is not automatic simply because a petitioner lacks actual notice of the "order triggering the commencement of one-year statute of limitations" under AEDPA. *San Martin v. McNeil*, 633 F.3d 1257, 1261, 1269 (11th Cir. 2011); *see also Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002) (noting "that not in every case will a prisoner be entitled to equitable tolling until he receives notice"). Rather to establish a right to equitable tolling the petitioner must show that: "(1) he acted with reasonable diligence; and (2) some extraordinary circumstance stood in his way and prevented timely filing." *San Martin*, 633 F.3d at 1269 (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)) (internal punctuation omitted). Equitable tolling only applies in "truly extraordinary circumstances." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (involving a 28 U.S.C. § 2255 motion).

The undisputed facts establish that McDaniel is not entitled to equitable tolling because he did not act with "reasonable diligence." *San Martin*, 633 F.3d at 1269. The Georgia Supreme Court denied McDaniel's application for a certificate of probable cause on November 2, 2020. Doc. 10-5. McDaniel moved for reconsideration on November 12, 2020. Doc. 26-2.[3] Georgia Supreme Court Rule 60 provides that a remittitur will be transmitted "*as soon as practicable* … upon the denial of a motion for reconsideration[.]" Ga. Sup. Ct. R. 60 (emphasis added). As a result, McDaniel was on notice that the remittitur would be transmitted to the trial court shortly after the Georgia Supreme Court denied his motion for reconsideration on December 7, 2020.[4] Doc. 10-

---

[3] McDaniel did not raise any evidentiary objections to the Court taking judicial notice of the court dockets in McDaniel's state habeas proceedings (Docs. 26-1; 26-2). Doc. 27. Rather, McDaniel objected to the potential conclusions the Court might draw from the state court dockets. *Id*. at 1-3.

[4] McDaniel does not dispute that the Georgia Supreme Court provided him notice of the denial of his motion for reconsideration. Doc. 22 at 2.

6. After McDaniel's motion for reconsideration was denied, McDaniel moved to stay the remittitur on December 18, 2020. Doc. 26-2. But Georgia Supreme Court Rule 61 provides that a motion to stay the remittitur, "shall be filed *at the time of filing a motion for reconsideration*[.]" Ga. Sup. Ct. R. 61 (emphasis added). The Georgia Supreme Court never ruled on McDaniel's untimely motion. Docs. 26-2; 22 at 3. Rather, the Georgia Supreme Court transmitted the remittitur to the Richmond County Superior Court on January 7, 2021. Doc. 26-1.

McDaniel does not present *any* evidence that he contacted the Georgia Supreme Court or the Richmond County Superior Court to inquire about the status of his case. Thus, McDaniel's argument that the Georgia Supreme Court "ignored" his motion to stay the remittitur, "concealed its actions," and "never informed [him] of any remittitur" is disingenuous. Doc. 22 at 2-3. Had McDaniel exercised reasonable diligence—rather than blindly assuming the Georgia Supreme Court was holding the remittitur—he would have realized that his motion to stay the remittitur was untimely and the remittitur had not, in fact, been stayed. Therefore, McDaniel failed to exercise reasonable diligence when he sat for more than a year assuming with no basis that the Georgia Supreme Court had stayed the remittitur.

McDaniel argues *Knight* and *Mashburn v. Commissioner* demonstrate that he is entitled to equitable tolling. Doc. 22 at 6-7; 292 F.3d at 711; 713 F. App'x 832, 840 (11th Cir. 2017). In *Knight*, the Eleventh Circuit concluded that the petitioner was entitled to equitable tolling when the Georgia Supreme Court failed to notify the petitioner that it denied his application for writ of certiorari. 292 F.3d at 711. The court reasoned that equitable tolling was appropriate "because the Georgia Supreme Court

clerk had assured [the petitioner] that he would be notified as soon as a decision was made." *Id*.  Further, the petitioner exercised reasonable diligence by "contact[ing] the clerk seeking information about the status of his case." *Id*.  In *Mashburn*, the Eleventh Circuit held that the petitioner was entitled to equitable tolling when the Alabama trial court summarily dismissed the petitioner's claims despite assuring the petitioner it would give him an opportunity to respond to the state's dismissal arguments.  713 F. App'x at 840.  Additionally, the clerk of court did not serve the dismissal order on the petitioner, even though Alabama law required service on the parties.  *Id*. at 834.

Neither *Knight* nor *Mashburn* save McDaniel's petition.  First, the Georgia Supreme Court did not assure McDaniel that it would report on the status of his motion to stay the remittitur or the issuance of the remittitur itself.  292 F.3d at 711; 713 F. App'x at 840.  Second, in contrast to the Alabama court in *Mashburn*, the Georgia Supreme Court had no legal obligation to send McDaniel a copy of the remittitur.  713 F. App'x at 840.  Georgia Supreme Court Rule 60 states that "[a] remittitur shall be transmitted *to the Court* from which the case was received"—not the parties to the case. Ga. Sup. Ct. R. 60 (emphasis added).  Thus, McDaniel's claim that the Georgia Supreme Court "had a duty to inform" him of "any denial of a stay or issuance of remittitur" is incorrect.[5]  Doc. 22 at 7.  Third, as discussed above, McDaniel never contacted the Georgia Supreme Court to inquire about the status of his case.  *Knight*, 292 F.3d at 711; *see also Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1072 (11th Cir. 2011) (holding that the petitioner was not entitled to equitable tolling when he

---

[5] In fact, McDaniel concedes that while "Federal Rule of Civil Procedure 77 imposes a duty on the District Court Clerk to serve notice on parties of the entry of any decisions by the Court … no comparable provision appears in the Georgia Supreme Court Rules[.]"  Doc. 27 at 3.

did not allege that he "ever attempted to contact the state court about his case"); *Pollock v. Sec'y, Dep't of Corr.*, 664 F. App'x 770, 773 (11th Cir. 2016) (same). Despite McDaniel's conclusory assertion that he did everything he could to pursue his case, he decidedly did not.

In sum, McDaniel's habeas petition—filed over a year after the limitations period expired—is untimely. And McDaniel is not entitled equitable tolling because he failed to exercise reasonable diligence. After review, the Court accepts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (Doc. 19) is **ADOPTED** and made the Order of the Court. Accordingly, the Respondent's motion to dismiss (Doc. 9) is **GRANTED** and McDaniel's habeas action (Docs. 1; 7) is **DISMISSED**. As recommended by the Magistrate Judge, a certificate of appealability is **DENIED**.

**SO ORDERED**, this 15th day of December, 2022.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT